UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE ONUSKA,

    Plaintiff,

v.                                             Case No. 8:18-cv-1963-T-SPF

ANDREW M. SAUL,[1]
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claims for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision failed to employ the proper standards and was not supported by substantial evidence, the Commissioner's decision is reversed and remanded.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on November 3, 2014 (Tr. 224–29). The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 69–79, 82–93). The ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31–63). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and,

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

accordingly, denied Plaintiff's claim for benefits (Tr. 12–30). Subsequently, Plaintiff requested review from the Appeals Council, which was denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## FACTUAL BACKGROUND AND THE ALJ'S DECISION

Plaintiff, who was born in 1984, claimed disability beginning October 1, 2008, which she later amended to November 3, 2014 (Tr. 15, 24). Plaintiff has a ninth-grade education and is illiterate (Tr. 24, 39). Plaintiff has no past relevant work experience (Tr. 24). Plaintiff alleged disability due to bipolar disorder, learning disabilities, anxiety, depression, and migraines (Tr. 69, 55–56).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 3, 2014 (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: borderline intellectual functioning, anxiety disorder, and depressive disorder (Tr. 17). Notwithstanding the noted impairments, the ALJ determined Plaintiff had no impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertion limitations: Plaintiff is limited to no work with the general public, and to occasional contact with co-workers and supervisors. She is also limited to performing routine and repetitive tasks with no quotas (Tr. 21).

After considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff has no past relevant work (Tr. 24). The VE, however, testified that Plaintiff could perform other jobs existing in significant numbers in the national economy (Tr. 24). Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

## **LEGAL STANDARD**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions;

3

whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the

reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises one issue on appeal—whether the ALJ erred by failing to fully and adequately consider the full range and effects of Plaintiff's headaches in assessing her RFC. For the reasons that follow, the ALJ's decision is not supported by substantial evidence.

Plaintiff testified at the hearing that she suffers from headaches, despite her use of medications, about four times a week and that her headaches caused her nausea, throwing up, and dizziness that requires her to lay down in a dark room in complete silence for an hour or so (Tr. 55–56). The ALJ found that Plaintiff's migraines were a non-severe impairment (Tr 17). As support for his finding, the ALJ stated:

> As for the claimant's migraine headaches, the neurological consultation on October 25, 2016, notes that the claimant was diagnosed with chronic migraine without aura. The claimant reported that her medication partially helps her migraines. She reported that her headaches do[] not cause any nausea, dizziness, photophobia or blurred vision. However, she reported experiencing some confusion with her headaches. In November 2016, the MRI of the head show[ed] no evidence of any significant intracranial stenosis and no aneurysm was seen. In February 2017, the claimant reported that rest and her medications make[] her headaches better. The record does not contain any extensive treatment, nor is there any evidence of any significant limitation caused by her headaches. Therefore, the undersigned finds that her migraine headaches are not severe.

(Tr. 17) (internal citations omitted). Plaintiff challenges the ALJ's finding at step two by arguing that (1) the ALJ's analysis misstates the evidence; (2) the ALJ improperly based his decision on the mere lack of objective evidence regarding Plaintiff's migraines; and (3) when considering the VE's testimony that there would be no work for an individual that needs to lay down two times a week for a period of one hour due to headaches, Plaintiff should have been found disabled. The Commissioner, on the other hand, argues that Plaintiff relies on her subjective complaints to show her migraines are severe, but subjective complaints alone are insufficient to establish a severe impairment. Further, the Commissioner argues that any error at step two is harmless.

At step two of the sequential evaluation process, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). An impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citations omitted); 20 C.F.R. §§ 404.1521, 416.921.

The ALJ's finding that Plaintiff's headaches were not a severe impairment is not supported by substantial evidence. First, as argued by Plaintiff, the ALJ incorrectly stated

6

that the Plaintiff was not suffering from nausea, dizziness, and photophobia, when these specific symptoms were reflected in the record (Tr. 17, 55–56). *See Bissinger v. Comm'r of Soc. Sec.*, No. 6:13-CV-1602-ORL-31, 2014 WL 5093981, *5-6 (M.D. Fla. Oct. 9, 2014) (finding that a misstatement of fact is not harmless if the misstatement is material or integral to the ALJ's ultimate decision).

Second, the ALJ improperly concluded that the objective evidence and medical records did not support that Plaintiff's migraines were a severe impairment. While the ALJ points to medical notes indicating that Plaintiff's headaches improved or were controlled by her medication (Tr. 384, 431, 473), a review of the record shows that Plaintiff's headaches were treated for at least two years with pain medication with no improvement and that Plaintiff reported only partial relief from taking the medication (Tr. 468–71). Moreover, the record indicates that due to her bad vascular headaches and confusion associated with these headaches, Plaintiff underwent a magnetic resonance angiography (MRA) to rule out any vascular pathology like aneurysm (Tr. 468–71). Although the MRA showed "no evidence of any significant intracranial stenosis and no aneurysm" (Tr. 17, 472), the MRA did not rule out the existence or intensity of Plaintiff's headaches. It only ruled out that the cause of the headaches was an aneurysm.

Moreover, even if no objective evidence supports the severity of Plaintiff's migraines, migraine headaches are "an impairment that is diagnosed by symptoms, not by any x-ray, MRI, blood test, or laboratory result." *See Munroe-Wilson v. Berryhill*, No. 8:17-CV-3054-T-CPT, 2019 WL 1397929, at *4 (M.D. Fla. Mar. 28, 2019) (citations omitted). In other words, "[t]he existence or severity of migraines . . . cannot be confirmed

by objective testing." *Thomas v. Colvin*, No. 3:15CV133-MCR/CJK, 2016 WL 114752322016 WL 11475232, at *5 (N.D. Fla. May 10, 2016).[2] Therefore, based on Plaintiff's testimony of disabling headaches and the VE's testimony that there would be no work for an individual that needs to lay down two times a week for a period of one hour due to headaches, the Court cannot conclude that substantial evidence supports the ALJ's finding that Plaintiff's migraines were not a severe impairment. *See Schink v. Commr. of Soc. Sec.*, No. 17-14992, ___ F.3d___, 2019 WL 4023639, at *13 (11th Cir. Aug. 27, 2019) ("an 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).

The Commissioner argues, however, that any error committed by the ALJ at step two is harmless. Ordinarily, the finding of any severe impairment is enough to satisfy an ALJ's duty at step two of the sequential evaluation process. *See Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (stating that if "the ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied"). An ALJ must, however, consider all impairments, regardless of severity, in conjunction with one another in performing the later steps of the evaluation. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). In other

---

[2] The Commissioner cites to 20 C.F.R. § 416.928(a) for the proposition that a claimant's subjective complaints are insufficient to establish a severe impairment, the cited regulation was no longer in effect at the time of the ALJ's decision.

words, even when an impairment is found to be non-severe at step two, the ALJ must consider the impairment in combination with others at steps three, four, and five of the sequential evaluation processes. *See Id.*

At step four of the sequential evaluation process, the ALJ stated that he carefully considered the entire record and all symptoms in evaluating Plaintiff's RFC (Tr. 22). Although similar statements have been found to be enough to demonstrate that the ALJ considered all necessary limitations and impairments, s*ee Tuggerson-Brown* at 951–52, here the content of the ALJ's decision shows otherwise. The ALJ's RFC analysis does not mention Plaintiff's migraines but focuses on Plaintiff's mental impairments. Moreover, although, the ALJ generally states that Plaintiff's "medications help[] her pain," the ALJ fails to identify whether he is referring to Plaintiff's migraines or her numerous physical ailments (Tr. 22, 473–585). In light of the ALJ's failure to consider Plaintiff's headaches at step four of the sequential evaluation process, the ALJ's error at step two is not harmless. *See Schink,* 2019 WL 4023639, at *16–17 (holding that an ALJ error as to the severity of a plaintiff's mental impairments was not harmless because the ALJ's RFC discussion was focused on the plaintiff's physical impairments, and while it mentioned the plaintiff's mental impairments, the discussion contained no real analysis of their effects on the plaintiff's RFC).

## **CONCLUSION**

The ALJ's decision that Plaintiff's headaches are a non-severe impairment is not supported by the record and the ALJ's error at step two is not harmless. The case is

therefore remanded for further consideration of Plaintiff's headaches. Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

ORDERED in Tampa, Florida, on September 20, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE